IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY BERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:19-cv-00830 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| UNIVERSITY SCHOOL OF NASHVILLE ) | |
| and SAGE DINING SERVICES, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION

Plaintiff Corey Berry brings this action against Defendants University School of Nashville ("USN") and Sage Dining Services ("Sage"). Currently before the Court is USN's Motion to Dismiss (Doc. No. 8, "the Motion"), wherein USN seeks to dismiss all of Plaintiff's claims against it. Plaintiff responded in opposition (Doc. No. 12), and USN in turn replied (Doc. No. 13). As articulated below, USN's Motion will be granted.

## ALLEGED FACTS

Defendant Sage is a for-profit corporation that operates dining facilities located in educational institutions. (Doc. No. 1 at ¶ 2). Defendant USN is a private school in Nashville, Tennessee. (*Id.* at ¶ 3). Sage employed Plaintiff, Corey Berry, as a cashier at the USN facility from August 7, 2017, until his medical leave on October 18, 2018. (*Id.* at ¶ 9).

Plaintiff suffers from epilepsy, a disorder of the central nervous system that can cause seizures. (*Id.* at ¶ 12). Plaintiff occasionally experienced seizures while at work. (*Id.* at ¶ 13). His supervisor, Kelly Mozzi, informed him that he was scaring the children with his seizures. (*Id.* at ¶ 14). Ms. Mozzi informed Defendant that he was being reassigned from a cashier position to a

position in the dish room, despite a note from Defendant's physician stating that Plaintiff was restricted from working as a dishwasher due to the hot environment. (*Id*. at ¶¶ 24-25). On October 18 or 24, 2018, Sage sent Defendant a letter stating that he was being placed on a medical leave of absence because he had been unable to report to work since October 9, 2018. (*Id*. at ¶ 28). Plaintiff never returned to his position with Sage. (*Id*. at ¶ 29).

On September 19, 2019, Plaintiff filed this action against Defendants alleging violations of the Family Medical Leave Act ("FMLA") (Count One); Tennessee Disability Act ("TDA") (Count Two); and the Americans with Disabilities Act ("ADA") (Count Three). (Doc. No. 1). Plaintiff asserts Counts One and Two against both Defendants, while Plaintiff asserts Count Three against Sage only.

In Count One, Plaintiff alleges "Defendants interfered with Plaintiff's FMLA rights and retaliated against him by denying him FMLA protected leave." (*Id*. at ¶ 34). In Count Two, Plaintiff alleges that "Plaintiff was discriminated against because his seizure disorder allegedly scared the children at [USN] and therefore Defendants conspired to force Plaintiff to either work in a back room or not return to work at all" in violation of the TDA. (*Id*. at ¶ 48).

On October 15, 2019, USN filed the instant Motion, seeking dismissal of Counts One and Two (the only counts asserted against USN) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). USN asserts that this Court lacks subject-matter jurisdiction over Plaintiff's claims against it because (according to USN) Plaintiff lacks standing to bring such claims since the Complaint does not allege that Plaintiff has ever been employed, directly or jointly, by USN. (Doc. No. 9). USN asserts likewise that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff has not alleged sufficient facts to establish that USN was Plaintiff's direct or joint employer. (*Id*.). Thus, USN asks the Court to dismiss it from this action.

## LEGAL STANDARD

*Rule 12(b)(1)*

Rule 12(b)(1) "provides for the dismissal of an action for lack of subject matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). "Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citation omitted). There are two types of motions to dismiss for lack of subject-matter jurisdiction: facial and factual attacks. A facial attack on subject-matter jurisdiction, as Defendants have made here, goes to whether the plaintiff has properly alleged a basis for subject matter jurisdiction. *See Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Upon facial attack, "the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citation omitted). "A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject-matter jurisdiction." *Id*.

*Rule 12(b)(6)*

For purposes of a motion to dismiss brought pursuant to Rule 12(b)(6), the Court must view all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id*. at 678; *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018). Moreover, factual allegations that are merely *consistent* with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish *plausibility* of entitlement to relief, even if it supports the *possibility* of relief. *Iqbal*, 556 U.S. at 678.

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it may be appropriate to "begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. Identifying and setting aside such allegations is crucial, because the allegations simply do not count toward the plaintiff's goal of showing plausibility of entitlement to relief. As suggested above, such allegations include "bare assertions," formulaic recitation of the elements, and "conclusory" or "bald" allegations. *Id*. at 681. The question is whether the remaining allegations—factual allegations, *i.e.*, allegations of factual matter—plausibly suggest an entitlement to relief. *Id*. If not, the pleading fails to meet the standard of Fed. R. Civ. P. 8 and thus must be dismissed pursuant to Rule 12(b)(6). *Id*. at 683.

As a general rule, matters outside the pleadings may not be considered in ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) unless the motion is converted to one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). However, when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion

4

to dismiss into one for summary judgment. *Doe v. Ohio State Univ.*, 219 F. Supp. 3d 645, 652-53 (S.D. Ohio 2016); *Blanch v. Trans Union, LLC*, 333 F. Supp. 3d 789, 791-92 (M.D. Tenn. 2018).

## DISCUSSION

USN argues that Plaintiff lacks standing—a prerequisite to this Court's subject-matter jurisdiction—to bring Counts One and Two against USN because Plaintiff has never been employed, directly or jointly, by USN. (Doc. No. 9). USN also asserts that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff has not alleged sufficient facts to establish that USN was Plaintiff's direct or joint employer, which is required to plead a claim under the FMLA and TDA. (*Id.*). Thus, USN asks the Court to dismiss Plaintiff's claims against USN.

## I. FMLA

The FMLA provides eligible employees up to twelve weeks of unpaid leave in any twelve-month period because of the employee's serious medical condition or to care for a family member with a serious medical condition. 29 U.S.C. §§ 2612, 2615 (2009). The FMLA makes it "unlawful for any *employer* to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" the Act. 29 U.S.C. § 2615 (2009) (emphasis added). Additionally, it is "unlawful for any *employer* to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." *Id.* at § 2615(a)(2) (emphasis added). Accordingly, in order to be liable under the FMLA, a plaintiff must show that the defendant was his or her employer within the meaning of the statute. *Brock v. Marymount Med. Ctr., Inc.*, No. CIVA 6:06-CV-285 DCR, 2007 WL 196895, at *8 (E.D. Ky. Jan. 23, 2007); *see also Alexander v. Diamond Healthcare Corp.*, No. 5:12-CV-32, 2012 WL 4049471, at *2 (W.D. Ky. Sept. 13, 2012) (finding that a plaintiff must plead facts to plausibly show that defendant is employer under the FMLA in order to survive a motion to dismiss). "'[T]he FMLA itself is silent about the issue

of joint employment' . . . But the Department of Labor has instructed that an additional, separate entity may also be considered an 'employer' if a 'joint employment' relationship exists." *Stanley v. FCA US, LLC*, No. 3:19-CV-640, 2020 WL 2839440, at *3 (N.D. Ohio May 31, 2020) (quoting *Grace v. USCAR*, 521 F.3d 655, 663 (6th Cir. 2008)).

The regulations provide that "[w]here two or more businesses exercise some control over the work or working conditions of the employee, the businesses may be joint employers under FMLA." 29 C.F.R. § 825.106(a). The regulations sets forth a standard to determine whether two entities qualify as joint employers:

> Joint employers may be separate and distinct entities with separate owners, managers, and facilities. Where the employee performs work which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek, a joint employment relationship generally will be considered to exist in situations such as:
>
> (1) Where there is an arrangement between employers to share an employee's services or to interchange employees;
>
> (2) Where one employer acts directly or indirectly in the interest of the other employer in relation to the employee; or,
>
> (3) Where the employers are not completely disassociated with respect to the employee's employment and may be deemed to share control of the employee, directly or indirectly, because one employer controls, is controlled by, or is under common control with the other employer.

29 C.F.R. § 825.106(a)(1)-(3).

## II. TDA

"'A claim brought under the THA [Tennessee Handicap Act, now known as the TDA] is analyzed under the same principles as those utilized for the Americans with Disabilities Act.'" *Cardenas-Meade v. Pfizer, Inc.*, 510 F. App'x 367, 370 (6th Cir. 2013) (quoting *Sasser v. Quebecor Printing (USA) Corp.*, 159 S.W.3d 579, 584 (Tenn. Ct. App. 2004)) (alterations in the original); *see also Phipps v. Accredo Health Grp., Inc.*, No. 215CV02101STACGC, 2016 WL

3448765, at *15 (W.D. Tenn. June 20, 2016) ("Claims under the TDA are analyzed under the same principles and standards as those utilized for the ADA."); *Barnes v. Goodyear Tire & Rubber Co.*, 48 S.W.3d 698, 705 (Tenn. 2000) ("We, therefore, may look to federal law for guidance in enforcing our own anti-discrimination laws.").

In order to hold a defendant liable under the ADA, a plaintiff must show that the defendant was his or her "employer" within the meaning of the ADA. *Bracken v. DASCO Home Med. Equip., Inc.*, 954 F. Supp. 2d 686, 697 (S.D. Ohio 2013). "Although a direct employment relationship provides the usual basis for liability under the ADA, 'courts have fashioned various doctrines by which a defendant that does not directly employ a plaintiff may still be considered an 'employer' under those statutes.'" *Id*. at 697-98 (quoting *Swallows v. Barnes & Noble Book Stores*, 128 F.3d 990, 993 (6th Cir. 1997)). As one district court explained:

> One approach is to examine whether two entities are so interrelated that they may be considered a "single employer" or an "integrated enterprise." [*Swallows*, 128 F.3d at 993] (citing *York v. Tennessee Crushed Stone Ass'n*, 684 F.2d 360 (6th Cir. 1982)). *A second approach is to consider "whether one defendant has control over another company's employees sufficient to show that the two companies are acting as a 'joint employer' of those employees." Id*. (citing *Carrier Corp. v. NLRB*, 768 F.2d 778 (6th Cir. 1985); *Rivas v. Federacion de Asociaciones Pecuarias de Puerto Rico,* 929 F.2d 814 (1st Cir. 1991)). A third approach is to examine "whether the person or entity that took the allegedly illegal employment action was acting as the agent of another company, which may then be held liable as the plaintiffs' employer." *Id*. (citing *Deal v. State Farm County Mut. Ins. Co. of Texas*, 5 F.3d 117 (5th Cir. 1993); *Fike v. Gold Kist, Inc.*, 514 F. Supp. 722 (N.D. Ala.), *aff'd*, 664 F.2d 295 (11th Cir. 1981)).

*Id*. at 698 (emphasis added).

### III. Joint Employers

Accordingly, it is clear that within the Sixth Circuit, courts may permit FMLA claims and ADA (or TDA) claims to proceed, under the "joint employer" theory that Plaintiff proffers here, against entities who did not directly employ the plaintiffs. *See, e.g., Grace*, 521 F.3d at 665

(applying Department of Labor regulations regarding joint employers in context of FMLA claim); *Swallows*, 128 F.3d at 993 (explaining joint-employer doctrine in context of ADA claims). As the Sixth Circuit has explained:

> The basis of the [joint employer] finding is simply that one employer while contracting in good faith with an otherwise independent company, has retained for itself sufficient control of the terms and conditions of employment of the employees who are employed by the other employer. Thus, the "joint employer" concept recognizes that the business entities involved are in fact separate but that they *share* or co-determine those matters governing the essential terms and conditions of employment.

*Swallows*, 128 F.3d at 993 n.4. Thus, under the joint-employer theory for both the FMLA and ADA, "courts consider whether one defendant has control over another company's employees sufficient to show that the two companies are acting as a 'joint employer' of those employees." *Id.* (citing *Carrier Corp. v. NLRB*, 768 F.2d 778, 782 (6th Cir. 1985)); 29 C.F.R. § 825.106(a). "Factors to consider include 'authority to hire, fire and discipline employees, promulgation of work rules and conditions of employment, issuance of work assignments and instructions, and supervision of employees' day-to-day activities.'" *Russell v. Bronson Heating & Cooling*, 345 F. Supp. 2d 761, 771 (E.D. Mich. 2004) (applying factors in analyzing joint employment under the FMLA) (quoting *EEOC v. Regency Windsor Mgmt. Co.*, 862 F. Supp. 189, 191 (W.D. Mich. 1994)); *see also Bracken*, 954 F. Supp. 2d at 699 (applying same factors analyzing joint employment under the ADA).[1] Whether a defendant is considered a joint employer is a question of law. *Shoemaker v. Conagra Foods, Inc.*, No. 2:14-CV-153, 2015 WL 418271, at *1 (E.D. Tenn.

---

[1] The Sixth Circuit has not formulated or identified a specific test for determining whether a joint-employment relationship exists in the context of the FMLA or ADA. However, it has analyzed the factors articulated above in determining whether joint employment existed under Title VII. *See Sanford v. Main St. Baptist Church Manor, Inc.*, 327 F. App'x 587, 594 (6th Cir. 2009). And this Court has found that these factors are appropriately used when determining whether a defendant is a joint employer under the Fair Labor Standards Act. *See Alford v. CNG Restaurants, LLC*, No. 3:18-cv-01225, Doc. No. 83, at 17-19 (M.D. Tenn. Apr. 21, 2020). Thus, the Court finds the use of these factors appropriate here, which, as noted, other district courts around this circuit have also done.

8

Feb. 2, 2015) (noting that employer status under the FMLA is a question of law); *Amarnare v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 611 F. Supp. 344, 348 (S.D.N.Y. 1984) (observing in ADA case that whether an entity is an "employer" is a question of law).

## III. Analysis

As explained above, to state a claim against USN under the FMLA or the TDA, Plaintiff must adequately allege that USN is his employer. In an attempt to do so, Plaintiff alleges that USN and Sage are "joint employers." (Doc. No. 1 at ¶ 3). USN argues that Plaintiff does not adequately allege a joint-employer theory, and thus, the Court does not have subject-matter jurisdiction over Plaintiff's claims against USN. Additionally, USN argues that even if the Court does have subject-matter jurisdiction over the claims, Plaintiff fails to state a claim upon which relief can be granted. The Court will explore each argument in turn.

### Rule 12(b)(1)

Plaintiff argues that USN's argument regarding lack of jurisdiction over his FMLA claims fails because "joint-employer status under the FMLA is not jurisdictional." (Doc. No. 12 at 5). Plaintiff cites to *Cobb v. Contract Transport, Inc.*, 452 F.3d 543 (6th Cir. 2006), in which the Sixth Circuit held that the district court properly exercised jurisdiction over the plaintiff's FMLA claims because, under *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006), the question of whether a party is an "employer" under the statute is not jurisdictional but rather one for the merits. (*Id.* (citing *Cobb*, 452 F.3d at 548)). Thus, Plaintiff maintains that USN's 12(b)(1) argument fails. In its reply, USN fails to respond to this argument.

The Court agrees with Plaintiff that whether he has not properly pled that USN is his employer is not a jurisdictional inquiry. In *Arbaugh v. Y & H Corporation*, the Supreme Court addressed the "distinction between two sometimes confused or conflated concepts: federal-court

9

'subject matter' jurisdiction over a controversy; and the essential ingredients of a federal claim for relief." 546 U.S. 500, 503 (2006). There, the plaintiff brought a Title VII sexual harassment claim that the district court dismissed for lack of subject matter jurisdiction based on the defendant's failure to meet Title VII's "15–or–more employee requirement." *Id*. at 509-10. Noting that "this Court and others have been less than meticulous" with "the subject-matter jurisdiction/ingredient-of-claim-for-relief dichotomy," the Court held that the "threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Id*. at 510 (emphasis added). The Court based its ruling on the fact that Congress could have made "the employee-numerosity requirement 'jurisdictional,' just as it has made an amount-in-controversy threshold an ingredient of subject-matter jurisdiction in delineating diversity-of-citizenship jurisdiction[,]" but instead "the 15–employee threshold appears in a separate provision [of Title VII] that does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." *Id*. (internal quotations omitted). Therefore, the Court reasoned that because "Congress does not rank a statutory limitation on coverage [under Title VII] as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Id*. (alteration to original).

In *Cobb*, the Sixth Circuit expanded *Arbaugh*'s reasoning to FMLA claims. 452 F.3d at 549. The court held that the lower court's conclusion that it could not exercise subject-matter jurisdiction over a plaintiff's FMLA claim unless the defendant "meets the FMLA's statutory definition of 'employer' conflate[d] subject-matter jurisdiction with failure to state a claim." *Id*. Thus, the court explained that

> [w]here . . . a plaintiff asserts that the FMLA entitles him to relief, the district court must exercise subject-matter jurisdiction over the plaintiff's claim in order to determine whether the plaintiff's interpretation of the FMLA is meritorious. To hold otherwise would render the distinction between subject-matter jurisdiction and failure to state a claim meaningless.

10

*Id.* Applying *Arbaugh* and *Cobb*, which are binding on this Court, the Court concludes that the question of whether USN is a joint employer under the FMLA[2] is nonjurisdictional. Although the question in *Arbaugh* (*i.e.*, whether a defendant has enough employees to meet the definition of an employer), is not identical to the question here (*i.e.*, whether USN exercises enough control over Plaintiff's employment to be considered a joint employer), the Court finds the reasoning of *Arbaugh* is applicable here. The provision of the FMLA discussing the definition of a joint employer "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." *Arbaugh*, 546 U.S. at 503 (internal quotations omitted). Thus, as advised by *Arbaugh*, where "Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Id.* (alteration to original).

Additionally, other courts have treated whether a defendant meets the definition of a joint-employer issue as one for the merits. *See Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 928–30 (7th Cir. 2017) (treating joint-employment questions under Title VII as going to the merits, not jurisdiction); *Wright v. Scales 925 Atlanta, LLC*, No. 1:16-CV-02425-LMM, 2017 WL 10378237, at *5 (N.D. Ga. Jan. 18, 2017) (rejecting the defendant's argument that the court lacked subject matter jurisdiction because the defendant supposedly did not fit the FLSA's definition of "employer," since "subject matter jurisdiction concerns whether a federal court can hear a category of cases, not whether that court has jurisdiction over an individual defendant"); *Brown v. ABM Indus., Inc.*, No. 15 C 6729, 2015 WL 7731946, at *3 (N.D. Ill. Dec. 1, 2015) (treating the issue

---

[2] As noted by Plaintiff, USN "does not make clear in its brief under which statutory scheme it is arguing that this Court lacks jurisdiction." USN does not attempt to unmuddy these waters in its reply; in fact, USN does not address Plaintiff's response to its jurisdictional argument at all in its reply. Nevertheless, the Court gleans from USN's argument that it is discussing the Court's federal question jurisdiction over the FMLA claim. The Court's jurisdiction over Plaintiff's remaining claim against USN for violations of state law would not rise nor fall upon the definition of "employer" in that state statute, and the Court exercises supplemental jurisdiction over that claim.

11

of whether a defendant is considered an employer or joint employer under the FLSA as a merits question, not as a jurisdictional requirement). The Court finds these cases persuasive. Accordingly, the Court rejects USN's 12(b)(1) argument.[3]

**Rule 12(b)(6)**

The Court next turns to the question of whether Plaintiff has properly pleaded that USN is his (joint) employer under the FMLA or TDA, as required to state a claim under either statute.

USN argues that Plaintiffs allegation that he was "jointly employed" by Sage and USN is an "unsupported legal conclusion that should not be considered true when determining whether the Complaint survives a motion to dismiss." (Doc. No. 13 at 2). USN maintains that Plaintiff was required to plead facts sufficient to establish a joint-employer relationship beyond the merely conclusory assertion that USN was a joint employer, and Plaintiff did not do so. (Doc. No. 9 at 9). USN asserts that Plaintiff fails to plead facts indicating that

> any USN employee is responsible for hiring and terminating Sage employees. Plaintiff has not plead facts indicating any USN employee is responsible for disciplining, supervising or training Sage employees. Plaintiff has not plead facts indicating any USN employee is responsible for setting the compensation and benefits provided to Sage employees.

(Doc. No. 13 at 4). Furthermore, USN argues that Plaintiff actually pleads facts contrary to a joint-employment relationship where he alleges that he was employed by Sage, and that it was Sage's supervisor, Ms. Mozzi, who informed him that he was scaring the children. (Doc. No. 13 at 2-3).

---

[3] Alternatively, even if the question of whether USN was Plaintiff's employer were jurisdictional, USN makes a facial attack to this Court's jurisdiction; thus, the Complaint would be examined under the same standard used in the Court's Rule 12(b)(6) analysis below. *See Boyce v. SSP Am. MDW, LLC*, No. 19 C 2157, 2019 WL 3554153, at *4 (N.D. Ill. July 31, 2019) ("Because this is a facial challenge to standing, the *Iqbal/Twombly* standard applies and [the plaintiff] must plausibly show that he suffered an injury-in-fact fairly traceable to [the defendant's] conduct."). Thus, in this instance, an analysis under 12(b)(1) or 12(b)(6) requires the Court to do the same thing: determine whether Plaintiff plausibly alleges in the Complaint that USN was his joint employer. As noted below, the Court finds that Plaintiff did not.

Accordingly, USN maintains that Plaintiff has not properly pled that USN was his employer, and therefore, has not stated a claim under either count.

Plaintiff maintains that he has properly pled that USN was a joint employer, as demonstrated by the following allegations:

> Plaintiff alleged that he worked for Sage at the University School of Nashville. (ECF No. 1, Complt. ¶9). He also alleged that at all material times he was jointly employed by Sage and USN. (ECF No. 1, Complt. ¶3). Further, he alleged that he was told by Sage supervisor that he was scaring the children with his seizures. (ECF No. 1, Complt. ¶16). The "children" referred to in this paragraph were students who dined in the school's dining hall where Plaintiff was jointly employed by Sage and USN. Plaintiff further alleged that Defendants Sage and USN "jointly decided to discriminate against Mr. Berry by determining that he was scaring the children in the dining hall." (ECF No. 1, Complt. ¶ 27).

(Doc. No. 12 at 8). Therefore, Plaintiff contends, he presented "factually sufficient claims" to plead his FMLA and TDA claim, especially given that courts have cautioned that "whether a joint employer relationship exists is a highly fact specific inquiry that is not appropriate for determination at this early stage without the benefit of discovery." (*Id*. at 7-8 (citing *Moldenhauer v. Tazewell-Pekin Consol. Commc'n Ctr.*, 536 F.3d 640, 644 (7th Cir. 2008))).[4]

Consistent with Plaintiff's view, the Court realizes that, if a plaintiff's complaint sufficiently alleges case-specific facts plausibly suggesting that joint-employer status exists as a matter of law, resolution of this issue against the plaintiff on a motion to dismiss would be inappropriate. But the Court disagrees with Plaintiff that he has adequately alleged that USN is his (joint) employer. As explained by one district court in this circuit, to plead that a defendant is a joint employer,

> [b]y the clear language of the regulations, plaintiff must show that [the defendant] "exercise[d] some control over [her] work or working conditions" and that she performed work which simultaneously benefited [the joint employers]. 29 C.F.R. §

---

[4] This is not to say that whether a joint employer relationship exists is a question of fact. Instead, as noted above, this question is one of law, albeit one informed by the specific facts of the case at hand.

13

> 825.106(a) (2013). Although the regulations permit a joint employment relationship to exist "[w]here one employer acts directly or indirectly in the interest of the other employer in relation to the employee," § 825.106(a)(2), there still must be some evidence, based on a totality of the circumstances, *that both employers maintained control over the employee*. [*See Moldenhauer*, 536 F.3d at 644].

*Shoemaker*, 2015 WL 418271, at *5 (examining a joint-employer theory under the FMLA) (emphasis added). The court in *Shoemaker* dismissed the plaintiff's complaint against the defendant because, although the complaint contained conclusory language that the defendant was the plaintiff's "co-employer," the complaint was devoid of (among other things) any "allegations that [the defendant] exercised control over [the plaintiff's] work or working conditions[.]" *Id*.

Similarly, here, the Complaint contains only a conclusory assertion that USN and Sage "jointly employed" Plaintiff. (Doc. No. 1 at ¶ 3). However, mere conclusory legal assertions are not entitled to a presumption of truth for purposes of determining the success of a Rule 12(b)(6) motion. *Ballas v. Chickasaw Nation Indus., Inc.*, No. CIV-13-1094-D, 2014 WL 4957262, at *2 (W.D. Okla. Oct. 2, 2014) ("Plaintiffs' allegation that the DOT is a joint employer is a bare legal conclusion and is not sufficient under *Iqbal* and *Twombly*[.]"); *Boateng v. Ret. Corp. of Am. Partners, L.P.*, No. 1:12-CV-01959-JOF, 2013 WL 12061901, at *6 (N.D. Ga. Mar. 5, 2013) ("Plaintiff's description of HR One Services as a "joint employer" [in her complaint] is a legal conclusion[.]"); *see also Collier v. Austin Peay State Univ.*, 616 F. Supp. 2d 760, 769 (M.D. Tenn. 2009) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice [to defeat a Rule 12(b)(6) motion]." (citing *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005))). Other than including this conclusory allegation, Plaintiff's Complaint does virtually nothing to establish USN's joint-employer status; it does not allege sufficient facts about USN's role or actions to establish that it controlled his working conditions. As noted above, to demonstrate that USN was his employer, Plaintiff must allege facts showing that USN specifically exercised

14

control over his working conditions—for example, that USN had the power to hire and fire him, that USN supervised and controlled his work schedule and conditions of employment, or that USN determined how he was paid. *See Moldenhauer*, 536 F.3d at 644. Plaintiff alleges none of these things. In fact, he alleges that he "was employed by [] Sage," provided his physician's note to "Sage's District Manager," that it was Sage that placed him on a medical leave of absence, and that "he never returned to his position with Sage dining." (Doc. No. 1 at ¶¶ 9, 26, 28, 29). Plaintiff does not allege any facts that indicate USN had any control over his employment. *See Stanley*, 2020 WL 2839440, at *3 ("Because Stanley fails to plead any facts to indicate Sedgwick had the right to control his employment in some manner, I must conclude Sedgwick was not a joint employer and dismiss the FMLA interference claim against it."); *Boyce*, 2019 WL 3554153, at *4 (dismissing the complaint against a defendant on a Rule 12(b)(6) motion where the complaint "allege[] facts showing that [the defendant] controlled [the plaintiffs] employment").

Additionally, the Court disagrees with Plaintiff that his allegation that Defendants "jointly decided to discriminate against [him] by determining that he was scaring the children in the dining hall" (Doc. No. 1 at ¶ 27), is sufficient to allege a joint-employer relationship. *See Boyce*, 2019 WL 3554153, at *4 ("Most of Boyce's allegations refer generally to "Defendants," which he defines to include both MDW and SSP, but such vague and undifferentiated allegations are not sufficient to establish a joint-employer relationship."). The allegation that the "Defendants" jointly discriminated against him does not equate with the required showing that USN controlled aspects of his employment. Instead, it merely begs the question: was USN in fact a joint employer who could be deemed to discriminate against Plaintiff in the terms and conditions of employment, or was it not a joint employer and thus not even positioned to thus discriminate against Plaintiff?

15

Moreover, the allegation that Defendant "was employed by Defendant Sage as a cashier *at* [USN]" also does not aid Plaintiff. (Doc. No. 1 at ¶ 9 (emphasis added)). Location of employment is not a factor that courts within the Sixth Circuit consider when determining whether an employer exercises significant control over an employee so as to constitute a joint-employer relationship. *See Russell*, 345 F. Supp. 2d at 771 ("Factors to consider include 'authority to hire, fire and discipline employees, promulgation of work rules and conditions of employment, issuance of work assignments and instructions, and supervision of employees' day-to-day activities.'").[5] After all, a business's mere placement of its employee at a client's location by itself does not suggest in any way that the client is a joint employer of the employee—not least because, in some instances, a major reason the client retains the business to perform services for it is *precisely* so that the client can avoid having employees (and employer liability) with respect to the services provided by the business.

As Plaintiff notes, the question of joint employment is ordinarily a fact-intensive inquiry appropriate for review on summary judgment (but not on a motion to dismiss). But to survive to the summary judgment stage, Plaintiff nevertheless must sufficiently state a claim upon which relief can be granted, including by setting forth facts indicating that USN had control over his employment. *EEOC v. Skanska USA Bldg., Inc.*, No. 210CV02717JPMTMP, 2011 WL 13103437, at *2 (W.D. Tenn. Sept. 20, 2011) (explaining that the issue of joint employment "is ordinarily more appropriate to resolve on a motion for summary judgment[,] . . . [however,] to survive a motion to dismiss, the plaintiff must at least 'allege facts that, if true, would demonstrate [that

---

[5] The Court's research does not suggest that this list somehow should, or even can, be expanded to include the physical location of the plaintiff's work. But even if the Court could take such location into account, it would count for little or nothing here for the reason suggested above: an employer can have its employees work at a client's location without them being jointly employed by the client, and indeed that may be a major reason why the client hired the employer to bring its employees to the client's location to do the work. Plaintiff's Complaint alleges no facts suggesting otherwise in the particular case of Sage and USN.

16

defendant] exerted the requisite control over plaintiff's employment'" (quoting *Sallis v. Oil Capital Elec., LLC*, No. 10-CV-0111-CVE-TLW, 2010 WL 3789534 at \*5 (N.D. Okla. Sept. 23, 2010))). And even when viewed in Plaintiff's favor, the Complaint sets forth no such facts. Accordingly, he has not stated a claim against USN, under either the FMLA or TDA, and USN will therefore be dismissed from this action.

**V. Leave to Amend**

Buried in Plaintiff's response to USN's Motion to Dismiss is a request for leave to amend its Complaint "as necessary" should the Court grant USN's Motion to Dismiss. (Doc. No. 12 at 9). The Sixth Circuit has held that a bare request to amend a complaint in lieu of a properly filed motion is not sufficient under Rule 15(a). *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004), *abrogated in part on other grounds, Frank v. Dana Corp.*, 646 F.3d 954, 961 (6th Cir. 2011). Further, this Court's Local Rules requires such motions to "describe the substance of the amendments sought" and "include as an exhibit the signed proposed amended pleading[.]" LR 15.01(a)(1); *see also PR Diamonds*, 364 F.3d at 699 ("Failure to file a motion to amend [that complies with] the local rules governing practice before the district court," is sufficient grounds for not allowing a complaint to be amended.). "Plaintiffs [are] not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies." *PR Diamonds*, 364 F.3d at 699 (quoting *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000)); *see also Beydoun v. Sessions*, 871 F.3d 459, 469-70 (6th Cir. 2017). If Plaintiff had filed a proper motion to amend the Complaint prior to the Court's consideration of USN's Motion to Dismiss, "the Court would have considered the motion to dismiss in light of the proposed amendments to the complaint." *Begala*, 214 F.3d at 784. Since Plaintiff did not do so, Defendants are "entitled to a review of the complaint as filed pursuant to Rule 12(b)(6)." *Id*. Thus,

Plaintiff will not be granted leave to amend based on its alternative request in its brief for such leave.

## VI. Plaintiff's Supplement

About a week after submitting its response, Plaintiff filed his "Supplement to Opposition to USN's Motion to Dismiss." (Doc. No. 14, "Supplement"). The supplement includes three attached exhibits (1) USN's faculty and staff directory listing Kelly Mozzi as "head chef"; (2) USN's "Cafeteria Lunch Plans"; and (3) Sage Dining Services Comprehensive Business Report. (*Id*). The Supplement fleetingly indicates that the purpose of these filings is "to further support that facts exist USN and Sage jointly employed Plaintiff." (*Id*.). USN opposes the Court's consideration of these documents, because "[t]he documents are not referenced or attached to the Complaint, are not part of the public record, and are not integral to [] Plaintiff's claims." (Doc. No. 15 at 1).

The Court agrees with USN. When adjudicating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must not consider matters outside of the pleadings. *QQC, Inc. v. Hewlett–Packard Co.*, 258 F. Supp. 2d 718, 720 (E.D. Mich. 2003) (citing Fed. R. Civ. P. 12(b)). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." Fed. R. Civ. P. 12(d). The Court declines to consider the extraneous documents that are not referred to or attached to the Complaint, and, therefore, need not convert the present motion to a motion for summary judgment pursuant to Rule 56.

If Plaintiff wished to use, in order to avoid dismissal of the claims against USN, purported facts he believes are suggested by these documents, he should have done what the Court has

18

suggested above. File a motion to amend with a proposed amended complaint, which could have included the suggested facts. But he failed to do so.

## CONCLUSION

For the above-mentioned reasons, USN's Motion to Dismiss will be **GRANTED** (Doc. No. 8), and this action will be dismissed against them. Plaintiff's claims against Sage remain pending.

An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE